IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE MID-ATLANTIC  \*
REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, et al.  \*

    Plaintiffs,  \*

v.  \*  Case No. ELH-13-1727

DESIGN SURFACES, INC.,  \*

    Defendant.  \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned for review of plaintiffs' motion for default judgment and to make recommendations concerning damages, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302. (ECF No. 11.) Currently pending is plaintiffs' Motion for Entry of Default Judgment ("Motion"). (ECF No. 9.) By Letter Order on December 4, 2013, I requested supplemental affidavits from plaintiffs to further explain plaintiffs' damages calculations and claim for attorneys' fees.[1] (ECF No. 12.) I have reviewed plaintiffs' Motion, the Supplemental Affidavit of Aileen Williams (ECF No. 13), and the Supplemental Declaration of John R. Harney Regarding Attorneys' Fees and Costs (ECF No. 14). Defendant has not filed any response to plaintiffs' filings. No hearing is deemed necessary. See Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons discussed herein, I respectfully recommend that plaintiffs' Motion (ECF No. 9) be GRANTED and that relief be awarded as set forth herein.

---

[1] A copy of this Letter Order was mailed to defendant on 12/4/13, but was returned as undeliverable.

## I. STANDARD FOR ENTRY OF DEFAULT JUDGMENT

In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001). It remains for the court, however, to determine whether these unchallenged factual allegations constitute a legitimate cause of action. Id. If the court determines that liability is established, the court must then determine the appropriate amount of damages. Id. The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. See, e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154-155 (2d Cir. 1999). The court may make a determination of damages without a hearing, so long as there is adequate evidence in the record, such as detailed affidavits or documentary evidence, for the award. See, e.g., Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).

## II. DISCUSSION

### A. Defendant's Liability

I have reviewed plaintiffs' Complaint (ECF No. 3), and find that plaintiffs have stated causes of action based on a breach of a collective bargaining agreement ("CBA") and a breach of a settlement agreement between the plaintiffs and defendant resolving a dispute arising out of the CBA. Plaintiff Mid-Atlantic Regional Council of Carpenters is an unincorporated labor organization as defined by 29 U.S.C. § 152(5). (ECF No. 3 at ¶ 3.) Plaintiffs Mid-Atlantic Regional Council of Carpenters Pension Fund, Mid-Atlantic Regional Council of Carpenters Health Fund, Mid-Atlantic Regional Counsel of Carpenters Annuity Fund, and Mid-Atlantic

Council of Carpenters Training Centers[2] (collectively referred to as the "MARCC Funds") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3). (ECF No. 3 at ¶ 1.) Plaintiffs Industry Promotional Trust Fund and the United Brotherhood of Carpenters and Joiners of America National Training Fund[3] (collectively referred to as the "Industry Funds") are funds that provide benefits to employees and employers of the carpet industry. (ECF No. 3 at ¶ 4.) Both the MARCC Funds and the Industry Funds (collectively, "plaintiffs") are established by CBAs and the Restated Agreements and Declarations of Trusts ("Trust Agreements"). (ECF No. 3 at ¶¶ 1-2, 4.) The Trustees of the MARCC Funds are fiduciaries as defined in ERISA, 29 U.S.C. § 1002(21). (ECF No. 3 at ¶ 2.) An employer who fails to make required contributions to an employee benefit plan, such as the MARCC Funds or the Industry Funds, is liable for the unpaid contributions, interest, liquidated damages, reasonable attorneys' fees, and costs, pursuant to ERISA. 29 U.S.C. § 1132(g).

Defendant Design Surfaces, Inc., ("defendant") is a Maryland corporation that engages in business as a contractor or subcontractor in the carpet industry. (ECF No. 3 at ¶ 5.) Defendant is an "employer in an industry affecting commerce" as defined in 29 U.S.C. §§ 142, 152, 1001(a) and 1002. (Id.) Defendant entered into a CBA with the Construction Contractors Council, Inc. – A.G.C. Labor Division, and the Mid-Atlantic Regional Council of Carpenters. (ECF No. 3 at ¶ 7.) This CBA defined the amount of money defendant would pay into the MARCC Funds and Industry Funds based on the hours worked by each of its employees who were journeymen and apprentice carpenters. (ECF No. 3 at ¶¶ 7-8.)

---

[2] The Mid-Atlantic Council of Carpenters Training Centers was formerly known as the Joint Carpentry Apprenticeship Committee of Washington, D.C. and Vicinity. (ECF No. 3 at 1.)

[3] The UBCJA National Training Fund was formerly known as the U.B.C. Health, Safety and National Apprentice Fund. (ECF No. 3 at 1.)

In 2009, defendant was unable to make the required benefit contributions and, in September 2009, entered into a Letter of Settlement with the MARCC Funds to make payments over time. (ECF No. 3 at ¶ 15; ECF No. 9-2[4] at 9.) This agreement permitted defendant to pay a principal of $47,817.33 in unpaid contributions plus interest at a 12% annual rate by making sixty-five monthly payments of $1,000.00 and a sixty-sixth payment of $367.80. (ECF No. 3 at ¶ 15.) This agreement waived liquidated damages and accrued interest totaling $11,872.34 on the condition that defendant timely paid all future settlement payments and monthly contributions. (Id.) Subsequently, defendant defaulted on the settlement agreement by failing to make payments between February 25, 2012 and May 23, 2013, thereby making a balance of $49,454.17 immediately due and payable. (ECF No. 3 at ¶ 16; ECF No. 13 at ¶ 6.) Plaintiffs filed this suit seeking recovery of these funds and other damages.

Plaintiffs served defendant with a Summons and copy of the Complaint on June 21, 2013. (ECF No. 6.) After defendant failed to answer the Complaint or otherwise defend within twenty-one days, plaintiffs properly moved, pursuant to Federal Rule of Civil Procedure 55(a), for an entry of default. (ECF No. 8.) The Clerk of this court entered an Order of Default on October 30, 2013. (ECF No. 10.) On October 8, 2013, plaintiffs filed the pending Motion (ECF No. 9), to which defendant has not responded. Plaintiffs seek damages in the amount of $53,221.78, which includes: (1) $49,454.17 for the breach of the settlement agreement; (2) $1,142.22 for unpaid contributions for July and August 2013; (3) $639.19[5] in liquidated damages for late payments between October 2012 and June 2013 and unpaid contributions for July and August

---

[4] All page numbers cited within ECF No. 9-2 refer to the consecutive page number as docketed, not to the individual page numbers on each separate document and exhibit.

[5] Plaintiff requested $639.20 in its Motion (ECF No. 9 at 1), but $524.97 for late payments between October 2012 through June 2013 and $114.22 for unpaid contributions between July 2013 and August 2013 results in a total liquidated damages request of $639.19 (ECF No. 9-2 at 7).

4

2013; (4) $238.70 in interest for late and unpaid contributions between October 2012 and August 2013; (5) $1,237.50 in attorneys' fees; and (6) $510.00 in costs. (ECF No. 9 at ¶¶ 1-4.) In support thereof, plaintiffs submitted the affidavit and supplemental affidavit of Aileen Williams, Account Executive of the MARCC Funds, the Industry Funds, and the Mid-Atlantic Regional Council of Carpenters, and the declaration and supplemental declaration of John R. Harney, plaintiffs' attorney. (Ex. A & B of Pl.'s Mot., ECF No. 9-2; ECF Nos. 13 and 14.) Based upon my review of the record in this case, I conclude that plaintiffs have demonstrated defendant is liable to plaintiffs for damages and that plaintiffs are entitled to a default judgment against defendant.

### B. Damages

Having determined that plaintiffs have proven liability, the undersigned now undertakes an independent determination of the damages to which they are entitled. Pursuant to ERISA, the terms of the CBA, the Trust Agreements, and the settlement agreement, plaintiffs seek to recover a total sum of the $53,221.78 from defendant. (ECF No. 9.)

#### 1. Breach of Settlement Agreement

Plaintiffs seek to recover $49,454.17 arising from defendant's breach of the settlement agreement. (Pls.' Memo., ECF No. 9-2 at 2.) Plaintiffs present the affidavit and supplemental affidavit of Aileen Williams, Account Executive for the MARCC Funds, the Industry Funds, and the Mid-Atlantic Regional Council of Carpenters, as well as the Letter of Settlement and its associated documents. (Ex. A, ECF No. 9-2; ECF No. 13.) According to the September 2009 Letter of Settlement, defendant agreed to pay a principal of $47,817.33 in unpaid contributions plus interest at a 12% annual rate by making sixty-five monthly payments of $1,000.00 and a sixty-sixth payment of $367.80. (ECF No. 13 at 7.) The agreement waived liquidated damages

5

and accrued interest totaling $11,872.34 on the condition that defendant timely paid all future settlement payments and monthly contributions. (Id.) Defendant made eighteen monthly payments of $1,000 each before defaulting on the settlement agreement and failing to make payments between February 25, 2012 and May 23, 2013. (ECF No. 13 at ¶ 6.) As outlined in the settlement agreement's payment schedule (ECF No. 13 at 10), after eighteen monthly payments, a balance of $37,581.83 in contributions and attorneys' fees remained. (ECF No. 13 at ¶ 6.) As a result of defendant's breach of the settlement agreement, the conditionally waived $4,998.98 in liquidated damages and $6,873.36 in accrued interest, together with the unpaid amount of $37,581.83 for a total of $49,454.17 became immediately due and payable. (Id.) After review of the affidavits and documents submitted, I find that plaintiffs have presented sufficient evidence to establish that defendant breached the settlement agreement and, as a result, owes the sum of $49,454.17. Accordingly, I recommend granting plaintiffs' request for damages for defendant's breach of the settlement agreement in the amount of $49,454.17.

### 2. **Unpaid Contributions for July and August 2013**

Plaintiffs seek to recover unpaid contributions for July and August 2013 totaling $1,142.22. (ECF No. 9 at ¶ 2.) Defendant failed to provide the MARCC Funds with reports outlining the amounts owed in July and August 2013, so plaintiffs are permitted to estimate the amount owed in the manner established by the Trust Agreements. (ECF No. 9-2 at 6.) Plaintiffs properly calculated an estimated monthly contribution amount of $571.11 per month by averaging defendant's previous twelve monthly payments. (ECF No. 9-2 at 6-7.) Accordingly, I recommend granting plaintiffs' request to recover unpaid contributions for the months of July and August 2013 in the amount of $1,142.22.

### 3. Liquidated Damages

Plaintiffs seek to recover a total sum of $639.19 in liquidated damages from defendant based on late and unpaid contributions from October 2012 through August 2013. (ECF No. 9 at ¶ 3.) ERISA provides that a plaintiff who wins a judgment for unpaid contributions pursuant to an employee benefit plan is entitled to collect liquidated damages, as outlined in the plan, not to exceed 20% of the amount of unpaid contributions. 29 U.S.C. § 1132(g)(2)(C)(ii). Here, the Trust Agreements provide for liquidated damages of 10% of all late or unpaid contributions. (ECF No. 9-2 at 7.) Plaintiffs have provided calculations establishing that they are entitled to $524.97 in liquidated damages arising from late payments for October 2012 through June 2013 and $114.22 in liquidated damages for unpaid contributions for July and August 2013. (App. 2, ECF No. 9-2 at 13.) Accordingly, I recommend granting plaintiffs' request for a total of $639.19 in liquidated damages.

### 4. Interest

Plaintiffs also seek to recover interest in the amount of $238.70 related to late and unpaid contributions from October 2012 through August 2013. (ECF No. 9 at ¶ 3.) ERISA provides that an employer is liable for interest on unpaid contributions to an employee benefit plan. 29 U.S.C. § 1132(g)(2)(B). Under the Trust Agreements, the annual interest rate is set at 12% on unpaid contributions, beginning on the date due and accruing until paid. (ECF No. 9-2 at 7.) Plaintiffs have detailed calculations establishing that they are entitled to interest accrued from October 2012 to August 2013 in the amount of $238.70. (App. 2, ECF No. 9-2 at 13.) Accordingly, I recommend granting plaintiffs' request for interest in the amount of $238.70, representing interest on late and unpaid contributions for the period of October 2012 through August 2013.

## C. Attorneys' Fees and Costs

Plaintiffs request $1,237.50 in attorneys' fees and $510.00 in costs. (ECF No. 14 at ¶ 7.) The CBA, the Trust Agreements, and ERISA provide for an award of attorneys' fees and costs. 29 U.S.C. § 502(g)(2)(D); § 1132(g)(2)(D); (ECF No. 9-2 at 2). In order to properly determine an award of reasonable attorneys' fees, the court must calculate the "lodestar amount" by multiplying the number of hours reasonably expended times a reasonable hourly rate. Blum v. Stenson, 465 U.S. 886, 888 (1984); Grissom v. Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008). The plaintiff must demonstrate that "the number of hours for which [it] seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." Victor Stanley, Inc. v. Creative Pipe, Inc., No. MJG-06-2662, 2011 WL 2552472, at *3 (D. Md. Jan. 24, 2011) (internal quotation marks omitted).

In support of their request for attorneys' fees and costs, plaintiffs submit the declaration and supplemental declaration of John R. Harney, a partner with the law firm retained by plaintiffs in the instant action. (Ex. B, ECF No. 9-2; ECF No. 14.) Mr. Harney stated that his firm performed 9.00 hours of work in this case at an hourly rate of $210.00 for attorneys and $120.00 for paralegals. (ECF No. 14 at ¶¶ 2; 5.) Mr. Harney, a partner, billed 1.75 hours at $210.00 per hour for a total of $367.50 and paralegal Donna Spell billed 7.25 hours at $120.00 per hour for a total of $870.00.[6] (ECF No. 9-2 at 16; ECF No. 14 at 4.) Given Mr. Harney's twenty four years of experience (ECF No. 14 at ¶ 1), I find that $210.00 is a reasonable hourly attorney rate. Loc. R. App. B.3. Although the paralegal hourly rate of $120.00 is slightly higher than the maximum rate of $115.00 noted in the Local Rules, I find that rate to be reasonable

---

[6] In the Supplemental Declaration of John R. Harney Regarding Attorneys' Fees and Costs (ECF No. 14), Mr. Harney reported that the firm expended 9.00 hours of work, consisting of 0.75 hours in attorney time and 8.25 hours in paralegal time. (ECF No. 14 at ¶ 2.) Attached to both declarations, however, Mr. Harney submitted timesheets billing 1.75 hours of attorney time and 7.25 hours of paralegal time. (ECF No. 9-2 at 16; ECF No. 14 at 4.)

given that the majority of the work in this case was completed by a paralegal with over thirty years of experience, rather than an attorney billing at a higher rate. (ECF No. 14 at ¶ 3.) Accordingly, I recommend granting plaintiffs' request for attorneys' fees in the amount of $1,237.50.

Finally, I find that plaintiffs' litigation costs of $510.00 ($400.00 filing fee and $110.00 private process server fee) are reasonable and documented in the record (ECF No. 9-2 at 16-17); See also Schedule of Fees, http://www.mdd.uscourts.gov/publications/Forms/ScheduleofFees.pdf (May 1, 2013) (cost of filing a civil action in this court is $400.00). Accordingly, I recommend granting plaintiffs' request for $510.00 in costs.

### III. CONCLUSION

In sum, I recommend that:

1. The court grant plaintiffs' Motion for Entry of Default Judgment (ECF No. 9); and
2. The court enter judgment in favor of plaintiffs in the amount of $53,221.78, consisting of (1) $49,454.17 for the breach of the settlement agreement, (2) $1,142.22 for unpaid contributions for July and August 2013, (3) $639.19 in liquidated damages, (4) $238.70 in interest, (5) $1,237.50 in attorneys' fees, and (6) $510.00 in costs.

I also direct the Clerk to mail a copy of this Report and Recommendation to defendant at the address listed on plaintiffs' Complaint. (ECF No. 3.)

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Date:   12/18/13                         /s/
                                         Beth P. Gesner
                                         United States Magistrate Judge